IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW ALAN CLENDENNEN § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION | |
| § | | |
| BRENT STROMAN, MANUEL CHAVEZ, § | NO. 1:15-CV-1041 | |
| ABELINO "ABEL" REYNA § | | |
| and JOHN DOE § | | |
|     Defendants. § | | |

**DEFENDANTS BRENT STROMAN AND MANUEL CHAVEZ'S REPLY IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS AND ALTERNATIVE MOTION TO DISMISS SUBJECT TO MOTION TO TRANSFER VENUE**

    Come now Defendants, Brent Stroman and Manuel Chavez and file this Joint Motion to Stay Proceedings and Alternative Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, subject to their Motion to Transfer Venue filed in this case pursuant to 28 U.S.C. 1404 (a), and show unto the Court as follows:

**I.**

    1.    <u>Plaintiff's Analysis Misses the Mark</u>. Even the primary case relied on by Plaintiff was careful to note that the civil case ***did not involve any circumstances "that might suggest the unconstitutionality or even the impropriety of this criminal prosecution."*** *See United States v. Kordel*, 397 U.S. 1, 12, 90 S. Ct. 763, 770, 25 L. Ed. 2d 1 (1970) (emphasis added). Plaintiff concentrates on parallel criminal and civil cases-most of which were both brought by the government; not on criminal cases that serve as the *very basis* of a civil case and which seek determinations on the lawfulness of criminal charges or prosecutions. Where a plaintiff's civil rights claims "relate to rulings that are likely to be made in the pending…criminal trial" it is within the authority of the trial court, "and in accord with common practice" to stay the civil

action until the end of the criminal case. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Indeed the Fifth Circuit Court of Appeals has held that "[t]he court may—***indeed should***—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis added) See also *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) *cert. denied*, 135 S. Ct. 1498, 191 L. Ed. 2d 438 (2015) ("The district court did not abuse its discretion; ***a court should stay proceedings in a § 1983 case brought by a pretrial detainee until the related pending criminal case is resolved.***") (emphasis added); *Busick v. City of Madison Mississippi,* 90 Fed. Appx. 713, 713–714 (5th Cir.2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff). It is beyond argument that the Plaintiff's civil rights action is an attack on the pending criminal proceedings. "This is precisely the circumstance that *Mackey* considered appropriate for a stay: a case where any determination as to the applicability of *Heck* is premature because Plaintiff has not been convicted, but where a decision in the civil case could affect the validity of the ultimate decision in the criminal case. Accordingly, a stay is appropriate in this case. *See, e.g., McCollom v. City of Kemp, Tex.,* No. 3:14–CV–1488–B, 2014 WL 6085289, at * 4 (N.D.Tex. Nov.14, 2014) (finding that a stay was warranted where the criminal and civil actions arose out of the same incident and were so closely related that a determination on the civil case would have implicated the validity of the conviction); *Quinn v. Guerrero,* No. 4:09–CV–166, 2010 WL 412901, at *3 (E.D.Tex. Jan.28, 2010) (finding that a stay was warranted where the

civil and criminal cases arose out of the same set of facts).″ *See Buehler v. City of Gonzales*, No. 5:15-CV-168-DAE, 2015 WL 3651573, at *2 (W.D. Tex. June 11, 2015).[1] Indeed, a review of Plaintiff's Amended Complaint shows that his argument is essentially "I am innocent" (that he isn't part of a gang, that he had no knowledge of what was happening, etc.). Tacking on conclusory assertions that Defendants knew he was innocent does not change what Plaintiff is seeking. He is seeking that this Court essentially try his criminal case.

      2.    <u>Analysis Ignores State Avenues</u>. The Plaintiff also ignores the various avenues for pretermitting unlawful or unsupported charges provided in the State criminal justice system (habeas, examining trial, motion to quash indictment, etc.). However, more likely the complaint is with regard to the lack of success that the criminal defendants have had in using these procedures, including on appeal. So, in actuality, Plaintiff is asking this Court to either ignore the availability of these avenues or to jump into the criminal case and substitute its judgment for the courts in the State system.

      3.    <u>"No Burden?"</u> Also of interest is Plaintiff's assertion that the defendants will suffer no burden. Six identical, separate lawsuits were filed against public servants in their individual capacities 100 miles away from their home; burden is what these cases have been about from the start. These individual defendants have public duties that are time-consuming and extremely important. What Plaintiff is seeking is an opportunity to conduct civil discovery in support of his criminal case. Obviously there is no downside to the Plaintiff because he would simply assert his Fifth Amendment privilege in response to all discovery submitted to him in this civil case---relying on the very criminal prosecution with regard to which he would be seeking

---

[1] A conviction in the criminal case would bar Plaintiff's action under *Heck v. Humphrey,* 512 U.S. 477 (1994), and Plaintiff's action creates the potential for inconsistent rulings.

discovery as the basis for the privilege. This would result in one-sided discovery and use of federal civil actions to conduct state criminal court discovery.

WHEREFORE, the above-premises considered, Movants respectfully request that Plaintiff's action be stayed, and/or dismissed.

>**HALEY & OLSON, P.C.**
>510 North Valley Mills Drive, Suite 600
>Waco, Texas 76710
>Telephone:   (254) 776-3336
>Telecopier:  (254) 776-6823
>
>
>By:   */s/ Charles D. Olson*
>         CHARLES D. OLSON
>         State Bar No. 15273200
>         Email: colson@haleyolson.com
>         MICHAEL W. DIXON
>         State Bar No. 05912100
>         Email: mdixon@haleyolson.com
>
>
>ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the parties, or the attorney(s) of record for all parties to the above cause in accordance with the Texas Rules of Civil Procedure on this 16th day of May, 2016.

>         /s/ *Michael W. Dixon*
>         Michael W. Dixon